[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Pursuant to General Statutes § 22a-6(a)(3), Plaintiff Commissioner of Environmental Protection ("the Commissioner") has brought this action against Joseph Spezzano, Inc. ("Spezzano Inc.") and Joseph Spezzano individually ("Joseph Spezzano") for several environmental violations.
According to the first amended complaint, defendant Spezzano, Inc is a Connecticut Corporation which operated a rock crushing operation at 350-450 Foxon Road in New Haven, and defendant Joseph Spezzano was the president and owner of said corporation. According to the complaint, said defendants constructed two rock crushers (a Kobelco rock crusher and a Cedarapids rock crusher) at the site and proceeded to operate them without the required CT Page 3421 permits from the Commissioner (Counts I, Sec. 13; Count II, Sec. 9, Count 3, Count 6, sec. 13, Count VII, sec. 9, Count VIII.
The complaint further alleges that the defendants rock crushing operations at the site caused smoke to be emitted in excess of 40% opacity, in violation of R.C.S.A. §22a-174-18(a)(1)(ii) and in R.C.S.A. § 22a-174-18(a)(2)(ii) (Counts 11 and 12). The complaint further alleges that defendants have failed to take reasonable precautions to prevent dirt and stones from becoming airborne in violation of R.C.S.A §22a-174-18(b)(1). The complaint also alleges that the defendants rock crushing operations at the site have resulted in particulate matter being emitted into the open air in such a manner as to cause a nuisance in violation of R.C.S.A. § 22a-174-18(b)(4) The Commissioner has sought an injunction and penalties.
The record shows that suit seeking a temporary injunction was brought in January 1998, and that the court entered a temporary injunction by agreement of the parties on October 13, 1998. The record also shows that a default was entered against the defendants for failure to plead on November 10, 1998.
On January 26, 1999 a hearing in damages was scheduled on the Commissioner's request for an assessment of penalties. Defendant Joseph Spezzano did not appear for the hearing. On that date the defendants attorney moved to reopen the default. The motion was granted, but limited to allow the defendants to give testimony as to ownership of the rock crushing equipment. Also on that date a permanent injunction was entered by agreement of the parties.
The hearing was continued to January 28th to allow defendant Joseph Spezzano to testify. On that date he claimed that the defendants should not be penalized because they did not own the equipment. Although they did not own the equipment they did in fact operate it and are thus subject to penalties. Clearly, defendant Spezzano, Inc. ran the rock crushing operation and defendant Joseph Spezzano as the sole owner of the corporation was responsible for the corporation and its activities.
The question before the court, then, is what, if any, the penalties should be.
The commissioner seeks the following penalties:
$50 per day (269 days) for construction CT Page 3422 without a permit $13,450
 $250 per day (269 days) for operation without a permit $67,250
 $1000 per day (31 days) for opacity, dragout, and dust violations $31,000
$111,700
A study of the exhibits presented by the Commissioner shows the following:
 December 6, 1995 Drag-out onto Foxon Road Operation without permit Notice of violation issued after inspection of fugitive dust complaints.
 January 10, 1997 Highway slightly dusty. Operation without a permit.
 January 22, 1997 No active rock processing observed. Operation without a permit.
 February 18, 1997 Much dirt drag out onto Foxon Road. Operation without a permit.
 March 7, 1997 Light dirt drag out onto Faxon Road. Operation without a permit.
 March 12, 1997 Puffs of smoke exceeding 50% opacity. No dust control apparent. Dust blows off conveyor Operation without permit.
 April 10, 1997 Significant dust plume crossing Foxon Road. Operation without permit.
 May 2, 1997 Operation without permit. Visible emissions of 50-60% opacity from exhaust of diesel engine.
May 9, 1997 Operations without permit. Rocks CT Page 3423 and mud drag out on Foxon Road.
 July 22, 1997 Operation without permit. Heavy drag out onto Foxon Road. Fine dust in air over entire block.
 August 5, 1997 Operation without permit. Moderate level of dirt drag-out onto Foxon Road.
 September 9, 1997 Operation without permit. Dust generated by conveyors. Foxon Road quite dirty with drag out from site. Noticeable quantities of reddish dust on driveways and on tarps over entrances.
 September 19, 1997 No active operation observed. No dust. Operation without permit.
 September 22, 1997 Operation without permit. Emission of regular puffs of black smoke which appeared to be 40-70% opacity.
 November 17, 18, 1997 Operation without permit. Engine of one front end of loader emitting smoke puffs. Dirt dragout leading from site onto Foxon Boulevard west bound which traffic is turning into airborne dust.
 November 21, 1997 Operation without permit. Rock processing area was surrounded with cloud of dust which was blowing towards Foxon Road and adjacent car wash. Dust from quarring operation significantly interfering with car wash business next door. Washed cars would be covered with dust.
November 24, 1997 Operation without permit. Rock processing area was surrounded CT Page 3424 with cloud of dust emanating from crushers and conveyors. Dust blowing onto Foxon Road. Dirt dragged out from site onto Foxon Boulevard and traffic, turning into airborne dust.
 November 25, 1997 Operation without permit. Crushers in operation with dust, smoke, and road drag-out being generated from site.
 December 15, 1997 Operation without permit. Complaint from owner of car wash. Cars parked outside would immediately get dusty. Car wash owner felt it was serious impact to his business and a nuisance. Much dirt drag onto Foxon Road which was quickly churned into airborne dust by heavy truck traffic. Trail of mud for 1.3 miles.
 December 30, 1997 Operation without permit. Observed on Foxon Road a thick grayish to white plume of smoke emitted in spurts ranging from 30-100% opacity.
 January 15, 1998 Operation without permit. Large cloud of dust and smoke emanating from property rock quarry. Diesel engine on thunderbird crusher emitting large cloud of black smoke. Generator trailers emitting continuous gray smoke. Constant cloud of dust mixing with smoke plumes. Smoke plumes being carried off site toward Foxon Road and low income housing. Foxon Road dirty with drag out.
February 9, 1998 Operation without permit. large clumps of earth from truck tires CT Page 3425 tracked onto Foxon Road.
 May 18, 1998 Operation without a permit. The area of major work activity was surrounded with a cloud of dust emanating from the crusher and conveyor, and being raised by the truck traffic. Dust was blowing directly onto the adjacent car wash. Moderate dust is dragged out onto Foxon Road by exiting trucks.
 June 1, 1998 Operation without a permit. A track of large clumps of dirt led directly from the site west onto Foxon Road.
 June 3, 1998 Operation without a permit. Track proceeded on Foxon Road leaving initially thick muddy tracks that continued past Quinnipiac Avenue.
 June 16, 1998 Operation without a permit. A large cloud of dust was emanating from the area of the crushers and conveyors. No significant emissions were detectable through the dust. The dust was blowing directly towards the Laurel View Apartments.
 June 17, 1998 Operation without a permit. The rock crushers were running with a thick gray plume of smoke of 40-60% opacity emitted from the stack of a small box trailer containing a diesel power generator.
Exhibit 5, a photo dated January 15, 1998 shows dust emissions from rock crushers and land surfaces. Also smoke exhaust emissions. CT Page 3426
Exhibits 6 and 7 — photos dated June 16, 1988, showing dust emitted from rock crushers.
Exhibit 8 dated August 2, 1995 shows a notice of violation for air pollution.
Exhibit 9 dated December 6, 1995 shows a notice of violation for failure to take reasonable precautions to prevent "particulate matter" "from becoming airborne."
Exhibit 10 dated April 4, 1997 shows a notice of violation for emitting black smoke of 50% opacity.
In determinating the appropriate penalty for the violations set forth in the plaintiffs complaint, the court has taken into consideration the following: (1) the size of the business involved; (2) the effect of the penalty or injunctive relief on its ability to continue operation; (3) the gravity of the violation; (4) the good faith efforts made by the business to comply with applicable statutory requirements; (5) any economic benefit gained by the violations; (6) deterrence of future violations; (7) the fair and equitable treatment of the regulated community; and (8) the defendants prior history of violations.
In addition the court has taken into consideration the defendants ability to pay an appropriate penalty. Keeney v.L. S. Construction, 226 Conn. 205, 214-215 (1993).
The records shows that the commissioner sent several notices of violations to the defendants. These notices cited the operation of the rock crushers without a permit, dust violations, and the opacity violations. The Commissioner's inspector testified that she attempted to contact Joseph Spezzano several times, but he never contacted her in return. A car wash owner next door testified that for a period of three years dust frequently emanated from the Spezzano operation onto his site, covering freshly washed cars. Although he spoke to Mr. Spezzano on several occasions, Mr. Spezzano did not take car of the problem. The Spezzano operation of the rock crushers extended over a three-year period despite receiving repeated notices of violations and many calls to Mr. Spezzano personally. Although the Commissioner commenced this lawsuit in January 1998, the defendants did not cease their unlawful operation until the court entered a temporary injunction some ten months later. Thus, in CT Page 3427 spite of many requests to them to stop the violations, defendants maintained the operation that caused harm to those around them.
The evidence showed that the size of the business was small and that the temporary injunction was abided by immediately. It is not clear what economic benefit was gained by continuing the violations, but it now appears that the company is out of business and that both defendants have limited resources. Thus, the court has taken into consideration that they will be unable to pay the substantial penalties requested by the Commissioner. No evidence was presented that they have any prior history of violation and it does not appear that defendants will commence these violations in the future. Therefore; the court finds an appropriate penalty to be as follows:
 For failure to obtain permit $8,500.00 For Opacity violations 8,250.00 For dragout and dust violations 8,250.00.
$25,000.00
Accordingly, judgment may enter for the plaintiff against the defendants for $25,000.00.
Frances Allen Judge Trial Referee